81,484-01,02

RAYMOND K. WALLS
TDC No. 01838261
McConnell Unit
3001 S. Emily
Beeville, Texas 78102


Mr. Abel Acosta, Clerk
Court of Criminal Appeals
PO Box 12308, Capitol Station
Austin, Texas 78711

Re: Writ Nos. WR-81, 484-01 & WR-81, 484-02


Dear Appeal Clerk:

Enclose please find Applicant's Findings of Fact and con-
clusion of law.

By copy of this letter, I am forwarding a copt od the same
to the District Court as addressed.

Thank you for your time and consideration int his matter.


Sincerely,

*Raymond K Walls*

RAYMOND K. WALLS

files
cc: Mr. Val Varley
    District Attoney
    Red River County
    400 N. Walnut Street
    Clarksville, Texas 75426

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 09 2015

Abel Acosta, Clerk

EXPARTE                                    $   IN THE 102nd DISTRICT COURT

RAYMOND KEITH WALLS                        $   OF

                                           $   RED RIVER COUNTY, TEXAS

APPLICANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSION OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, RAYMOND KEITH WALLS, TDC No. # 01838261,

Applicant in the above number and cause file this his

Proposed Findings of Fact and Conclusion of law and states

the following:

I.

FINDINGS OF FACT

On August 20, 2014, the Texas Court of Criminal Appeals

ordered the trial court to make the following findings:

The trial court shall make findings of fact as to whether

the enhancement paragraphs alleging a prior conviction in

McCurtain County, Oklahoma Cause Number CF-2003-497 was

a final conviction capable of enhancing the applicable range

of punishment. The trial court shall make findings of facts

as to whether the performance of Applicant's trial attorney

was deficient and, if so, whether counsel's deficient perfor-

mance prejudiced Applicant. The trial court shall also make

any other findings of fact and conclusions of law that it

deems relevant and appropriate to the disposition of Applicant's

claim for Habeas Corpus relief.

-1-

## II.

## CONCLUSION OF LAW

Based on the contentions raised by the Applicant, and study of the applicable law raised by the issues. This Applicant making the folLowing conclusion of law:

a. The State claims in their findings of fact as to whether the enhancement paragraph alleging a prior conviction from McCurtain County, Oklahoma in cause No. CF-2003-497 were a final conviction capable of enhancing Applicant's punishment range. **The State has misinterpreted the law and facts in this areas.** The law clearly reveal in a Virginia's case, Virginia method of partially suspending a setnence was Alien to Texas law, it would be possible to use it as a previous final conviction for enhancement purposes if the State proves to the court that the conviction was "Final under Virginia law." Diremiggio v. State, 637 S.W. 2d. 926. However, Texas never met its burden of proving that the conviction was considered "final" under Oklahoma. See, Dominque v. State 787 S.W. 2d. 107 (Tex. App. - Hou. [14th Dist.]) 1990). Also see, Skillern v. State, 890 S.W. 2d 849, 883 (Tex. App. Austin 1994, pet Refid).

When an out-of-State penitentiary packet has been introduced as evidence of a prior criminal record in the "punishment phase", the State must establish, either by proof or request, that the trial judge took "Judicial Notice" of what a sister state considers sufficient documentary proof of a final conviction. Petuccelli v. State, 174 S.W. 3d. 761.

-2-

When foreign conviction is involved in sentencing, in the absence of proof of the law of the Other State, the Court of Criminal Appeals will presume that other State's law is the same as that of Texas for purposes of determining whether conviction is final. Vernon's Ann. Texas C.C.P. Art. 37.07 $3(a); Langton v. State, 776 S.W. 2d 586. Secondly, It does not contain any certification by a Oklahoma Official nor does it bear an Oklahoma's seal.

b. The State Claims in their findings of fact as to the performance of Applicant's trial counsel to determine whether or not they were deficient. This claim is erroneous too. The State quoted in their Findings of Fact and Conclusion of law under number "7", page 45: Based on the Oklahoma pen packet's photo, physical description, date of birth of Raymond Keither Walls in Cause No. and the expert fingerprint identification of Mr. Walls, the State's exhibit, Oklahoma pen pack, was admitted by the court. Defense Counsel specifically objected twice to the lack of predicate and once on the basis of hearsay to the introduction of Mr. Walls' Oklahoma pen packet and then renewed his objection immeidately after the pen packet was admitted. This is not true! Trial Counsel only objected to the Fingerprint. See, (RR Vol. 4 pg. 4-14.) The court claims based on their own observations of the defendant, the court overruled the defense counsel's objection based on the Court's Reading of its "attestation by legal keeper of the records with certificate" and it's (seal) of the State and secretary of state signed on June 9, 2010,

-3-

by Kevin E. Moore who was identified as the coordinator of Offender Record Units, Oklahoma Department of Corrections. The attestation lacked a seal and Secretary of the State did not sign the attestation page. However, based on the incomplete document by Kevin E. Moore, the Expert Fingerprint identification, and the court's own physical observation of the defendant, being the photo, the physical description, and date of Birth, the court found sufficient evidence to support that the oklahoma pen packet was authentic and was, in fact, the Oklahoma pen packet of Raymond Keith Walls, i.e., it was what it purported to be. However, the "pen packet" from Oklahoma used for enhancement purpose, contains certification by Kevin E. Moore hereby certify. He is the coordinator of the recrd Unit of the Oklahoma Department of Corrections. The Oklahoma penitentiary packet admitted into evidence of Burglary and attempt of Burglary for purpose of proving Applicant's prior conviction was not properly authenticated under Statute. Tex. Rule of Evid. 902(4). However, the Court specifically noted that the certification was accompanied by a Public Officer having a seal that certified "the Signer has the official capacity and that the signature is genuine." 811 S.W. 2d. at 585; citing Tex. R. Crim. Evid. 902(2). Here, Mr. Moore's signature was not accompanied by a seal or the certification required by Rule 902(1),(2) or (4). Also see, Bank v. State, 158 S.W. 3d. 653; See, 28 U.S.C.A. § 1738.

The State reliance on the "Fingerprint" match to authenticate the entire penitentiary packet, is misplaced. The Fingerprint

match goes to the **second category of proof**, proving the defendant is the person previously be convicted,and fails to prove thatthe document in the pen packet are what the State asserts them to be. Cole v. State, 484 S.W. 2d. 779, 784 (Tex. Crim. App. 1972). Counsel failed to "object" to the entire "pen packet". Counsel based is objection to the fingerprint. See, Fontenot v. State, 704 S.W. 2d. 126. Secondly,It does not contain any certification by an Official from Oklahoma not does it bear Oklahoma Seal.

c. The State claims in their findings of fact and conclusion of law that it deem relevant and appropriate to the disposition of applicant's Writ of Habeas Corpus relief. This conclusion of law is erroneous.

The pen packet were not authenticity from oklahoma officials.See, Bank v. State, 158 S.W. 3d. 653.

An out of state judgment is inadmissible without proper authentication. Hutchins V.Selfert, 460 S.W. 2d 955 (Tex. Civ. App. - Hou. [14th Dist] 1970) Writ Ref'd n.f.e.)). See also, Mega Child Care Inc. v. Tex. Dept. of Protective Regulaztory Servs, 29 S.W. 3d. 303, 308 (Tex. App. Hou. [14th Dist.] 2000, no Pet.)("The Texas Rules of Evidence require, as a predicate to admissibility, that evidence be properly authenticated or Identified.") Without some proof that the document in the packet are genuine, the Packet

-5-

is inadmissible. Tex. R. Evid. 901(a). Secondly, It does not contain any certification by an Oklahoma official nor does it bear an Oklahoma seal.

## PRAYER

FOR THE REASON SET FORTH ABOVE, the applicant respectfully request that this case or cases be reversed and remanded.

Respectfully Submitted,

_Raymond Walk 1838261_

RAYMOND KEITH WALLS
TDC No. 01838261
Williams G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foegoing has been forwarded to the following listed person this _1_ day of _APRi l_, 2015:

Mr. Val Varley
Red River County District Attorney
400 N. Walnut Street
Clarksville, Texas 75426

_Raymond Walk_

RAYMOND K. WALLS

-6-